### Charles Dowdell v. Joe McBride.

#### Decided April 13, 1898.

**1. Physician, Certificate of Qualification.**

A physician who has not obtained a certificate of qualification from the board of medical examiners, as required by title 82, Revised Statutes, can not recover for his services.

**2. Constitutional Law—Schools of Medicine.**

Article 16, section 31, of the Constitution, limits the power of the Legislature to prefer any school of medicine in prescribing qualifications for practitioners of medicine, but does not make invalid the preference given to graduates of schools recognized by the American Medical Association by Revised Statutes, article 3778, in prescribing the qualifications of boards of medical examiners.

APPEAL from the County Court of Robertson. Tried below before Hon. O. D. Cannon.

Counsel for appellant moved for rehearing, on the ground that article 3778, Revised Statutes, was in violation of article 16, section 31, of the Constitution, and that question was certified to the Supreme Court, pending the motion, and by them answered in the negative. Dowdell v. McBride, 92 Texas, ——, decided November 3, 1898. The motion for rehearing was overruled.

*W. H. Brown* and *Simmons & Crawford,* for appellant.

*T. N. Graham,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Appellant's counsel has made a clear statement of the case in brief filed, which we adopt. It is as follows:

"On the 24th day of July, 1897, appellant brought suit against appellee in the Justice Court of Precinct No. 5, Robertson County, Texas, to recover the sum of $141 for services rendered on account of the wife of appellee at his special instance and request, evidenced by an itemized account. On the 20th day of September, 1897, the justice of the peace of the said court rendered judgment in favor of appellee, Joe McBride, from which judgment appellant appealed to the County Court. On the 16th day of December, 1897, the cause came on for trial before the county

judge, a jury being waived, and appellant there pleaded orally, as he had done in the justice court:

"1. That he was and is a graduate of the Eclectic Medical Institute of Cincinnati, O. (State of), which is duly chartered by the State of Ohio; that he holds a diploma from said institute, which is a reputable college.

"2. That said diploma has been duly filed and registered in the office of the district clerk of Ellis County, where appellant resides, and as the law requires.

"3. That article 3778 of Revised Statutes, 1895, of Texas, wherein it requires that the board of medical examiners shall be composed of not less than three practicing physicians of known ability and who are graduates of some medical college authorized by the 'American Medical Association,' etc., is unconstitutional and void, because in conflict with article 16, section 31, of the Constitution of Texas. Defendant orally demurred to appellant's pleadings, because he did not allege (but admitted) that he did not hold a certificate from the medical board of examiners, as required by title 82 of Revised Statutes of 1895, which the court overruled, and to which defendant excepted. Defendant also pleaded general denial, and that he did not employ appellant; after Dr. Dowdell, appellant, had testified in the case and proven up his claim or account, and it had been admitted by defendant, first, that appellant at the time of the rendition of said services was a graduate of and held a diploma from the Eclectic Medical Institute of Cincinnati, Ohio; second, that said diploma was duly recorded in the district clerk's office of Ellis County, as required by law; third, that said Eclectic Medical Institute of Cincinnati, Ohio, is and was at the time said diploma was issued, an accredited, reputable, chartered medical college, chartered under and by virtue of the laws of the State of Ohio.

"4. That the plaintiff, Dr. Charles Dowdell, did not have a certificate of qualification from the board of medical examiners of the judicial district in which he resided, nor from any board of medical examiners of any judicial district of Texas. And after Dr. R. S. Glass, witness for appellant, had testified that the American Medical Association is composed only of allopaths or regular physicians who belong and adhere to the school of allopathy, and that said American Medical Association does not recognize graduates of eclectic colleges, nor any other schools save those of allopathy, and that allopathic physicians do not recognize eclectic physicians, nor will they consult with eclectics, and that the members of all boards of medical examiners of this State are composed of physicians who belong and adhere to the school of medicine known as allopathy. The court announced that he would render judgment in favor of appellee, Joe McBride, and against appellant, Dr. Charles Dowdell, because appellant had no certificate of qualification from any board of medical examiners of the State of Texas; and judgment was so rendered, to which ruling and judgment of the court the plaintiff, Dr. Charles Dowdell, in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District for the State

of Texas, at Austin, filed his bond, assigned errors, and now brings the case to this court for revision."

The plaintiff resided in Ellis County, Texas, and the defendant resided in Robertson County, and the services sued for were rendered in Robertson County. Plaintiff was a graduate of and held a diploma from the Eclectic Medical Institute of Cincinnati, Ohio, which diploma was recorded in the district clerk's office of Ellis County, as required by law.

The Medical Institute was chartered under the laws of the State of Ohio. Plaintiff did not have a certificate of qualification from the medical board of examiners of the judicial district in which he resided, nor from any medical board of examiners of any judicial district of Texas. Dr. R. S. Glass, whose evidence was received by the trial court, testified:

"I belong and adhere to the school of medicine known as allopathy, or regulars. The American Medical Association is composed only of regular physicians who belong and adhere to the school of allopathy. There are several different schools of medicine, among them the allopaths, or regulars, the homeopaths, and the eclectics. The American Medical Association does not recognize graduates of eclectic colleges, nor any other schools save those of allopathy. Allopathic physicians do not recognize eclectic physicians, nor will they consult with eclectics. The members of all boards of medical examiners of this State are composed of physicians who belong and adhere to the allopathic school of medicine."

The court at this juncture of the trial announced that he would render judgment for defendant, because plaintiff had no certificate of qualification from any board of medical examiners of the State, and judgment was accordingly so rendered.

Appellant insists by assignments of error that the lower court erred in rendering judgment for defendant, and in holding title 82 of Revised Statutes of 1895 not to be unconstitutional, and in violation of the State Constitution, article 16, section 31, because, it is insisted, the statute makes a preference in favor of a particular school of medicine, to wit, "The American Medical Association," which is composed entirely and exclusively of allopaths, or regulars.

It is also insisted that article 3778 of the Revised Statutes of the State of 1895 is unconstitutional and void, because the board of examiners required by that article is to be composed of not less than three practicing physicians, of known ability, and graduates of some medical college, recognized by the American Medical Association, which association is composed entirely and exclusively of graduates of the school of allopathy, and does not recognize any other school of medicine but its own and especially does not recognize the eclectic school.

Section 31 of article 16 of the State Constitution reads: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any school of medicine."

Title 82 of the Revised Statutes of 1895 provides for the qualification of physicians to practice medicine in this State, a certificate from the

board of medical examiners, to be appointed by the judges of the district courts for their several districts. Article 3778, which appellant says is in violation of the above provision of the Constitution, reads: "Said board of medical examiners shall be composed of not less than three practicing physicians of known ability, and who are graduates of some medical college recognized by the American Medical Association, and who are residents of the district for which they are appointed."

It has been decided in the case of Kenedy v. Schulz, 6 Texas Civil Appeals, 461, that the statute quoted is not in violation of the Constitution. In that case, however, there was no testimony showing that the American Medical Association was composed of allopathic physicians, and recognized no other, and the court rested its opinion upon this want of proof, as the court could not judicially know that the association was so composed.

In the case of Railway v. Muth, 27 Southwestern Reporter, 753, it was held that a parent suing to recover damages for injury to his minor child and consequent loss of services, expenses of nursing and medical attention were recoverable if the parent incurred any liability for such attention, but it was decided that he could not recover unless he had incurred a legal liability to the attending surgeon, and that there would be no liability incurred if the surgeon had not complied with the statute in procuring and recording a certificate of qualification from the board of examiners. The statute then in force is identical with the article of the statute quoted above. Rev. Stats. 1879, art. 3626.

We agree that the disposition of the case in the lower court is correct. The writer rests his opinion upon the following: The article of the Constitution which appellant contends was violated by the statute relates to the qualifications of "practitioners of medicine," and signifies that "no preference shall ever be given by law to any schools of medicine" as to the qualifications of the practitioner; that in his examination before the board no preference shall be given to any schools of medicine. The board may be composed exclusively of physicians, graduates of schools recognized by the American Medical Association, and each member of the association may belong to the school of allopathy, and yet the Constitution will not be violated. It would not be presumed that the board, to whatever school it may belong, would violate the Constitution and the statute in giving preference to any school of medicine. If the board should do so, then its action would be in contravention of the Constitution.

The board is required to examine applicants for certificates "furnished with medical diplomas, or not," upon certain named subjects. When the examining board make a preference as to schools of medicine in its action, then the constitutional right of the applicant is invaded.

The Legislature has construed the Constitution according to this view, restricting its application to practitioners by the Revised Statutes of 1895 and 1879, by the following article: "It shall be the duty of said board to examine thoroughly all applicants for certificates of qualification to practice medicine in any of its branches or departments, whether such

applicants are furnished with medical diplomas or not upon the following named subjects, to wit: Anatomy, physiology, pathological anatomy and pathology, surgery, obstetrics, and chemistry; but no preference shall be given to any school of medicine." Rev. Stats. 1895, art. 3784; Rev. Stats. 1879, art. 3632.

The court below correctly applied the statute. It is true article 3638 of the Revised Statutes of 1879 was not carried forward in the statutes of 1895. That article provided that no person except those who complied with the law should be permitted to practice medicine. The codifiers omitted that section of the law, but we think when the statutes of 1895 are read in connection, the intention becomes clear that the law must be followed to qualify one to practice medicine in the State, and without such qualification he can not be permitted to practice.

The judgment of the lower court is affirmed.

*Affirmed.*

KEY, ASSOCIATE JUSTICE.—I concur in the disposition made of this case, without expressing any opinion as to the constitutionality of article 3778 of the Revised Statutes, which article is quoted in the foregoing opinion. If that article be eliminated, the remainder of title 82 is a complete statute regulating the practice of medicine, and therefore, if article 3778 is unconstitutional, as claimed by appellant, the balance of the statute is valid, and should be enforced without reference to said article.

I agree to the judgment of affirmance.

FISHER, CHIEF JUSTICE.—Being absent, I took no part in the consultation upon the question decided in this case; therefore I express no opinion concerning the points decided.