E. A. T. WICKES-NEASE v. G. GRAHAM WATTS.

Decided November 26, 1902.

1.—Physicians—Recovery for Services—Record of Certificate of Qualification.

Where a physician, in 1882, duly obtained his certificate of qualifications and had it recorded in the proper county clerk's office, as required by the statute then in force, but failed to afterwards have it recorded in the district clerk's office, as required by the amendment of 1887 (Acts Twentieth Legislature, page 35), he could not recover for professional services rendered in May, 1901, since article 440 of the Penal Code makes it a penal offense for a physician to practice medicine for pay without having his certificate recorded in the office of the district clerk.

2.—Same—Exempting Clause in Act of 1901.

Plaintiff's case was not saved by virtue of the clause in the Act of February 22, 1901, relative to the practice of medicine, which exempted physicians who had been practicing five years from the requirement of filing a certificate, as that act, although containing an emergency clause, did not take effect until ninety days after the adjournment of the Legislature.

3.—Constitutional Law—Act of Legislature—Time of Taking Effect—Emergency Clause.

Where an emergency clause to an act of the Legislature recites an imperative public necessity and suspends the constitutional rule requiring bills to be read on three several days, but does not direct when the act shall take effect, it does not take effect until ninety days after adjournment of the session, since such direction is necessary to relieve it from the operation of the constitutional provision regulating the time when legislative acts shall go into effect. Const., art. 3, sec. 39.

Appeal from the County Court of Bexar County. Tried below before Hon. Robt. B. Green.

*Geo. C. Altgelt,* for appellant.

*C. K. Brenneman,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee to recover an alleged balance of $574.50, which he claims is due him for professional services rendered by him, as a physician and surgeon, to appellant under a contract with her therefor made between them in the city of San Antonio, Texas.

In his petition the appellee alleged: "That on the 31st day of July, 1882, plaintiff, having first obtained a certificate of qualification therefor from the duly authorized board of medical examiners appointed by the District Court of Bexar County, Texas, Twenty-second Judicial District, caused the same to be filed and recorded in the office of the clerk of the County Court of Bexar County, Texas, in volume 1, on page 12, of the records of physicians' certificates, as required by the Revised Statutes of Texas, 1879, the law then in force, and by reason thereof plaintiff became and was entitled to practice medicine and surgery in all their branches and departments, in said Bexar County, Texas, and from that time forth continuously to the present time, the plaintiff has been

lawfully engaged in practicing medicine and surgery in the city of San Antonio, county of Bexar, and State of Texas."

Appellant's answer contains a general demurrer, and the following special exception: "It does not appear from said petition that plaintiff, at the time of rendering the alleged services to defendant, was duly authorized and qualified to practice medicine and surgery in the State of Texas, and that he had qualified by causing his certificate of qualification or diploma to be registered and recorded in the office of the District Court of Bexar County, Texas, where he resides;" and, after a general denial, the following special plea: "Defendants say that plaintiff ought not to have maintained his suit against these defendants, because they say that at the time of the rendition of said supposed services plaintiff had not first filed with the clerk of the District Court of Bexar County, where he resided and yet resides, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, and had not first obtained such certificate of qualification. That plaintiff was not regularly engaged in the general practice of medicine in any of its branches or departments in this State for five consecutive years from January 1, 1875, and had not legally qualified himself for the practice of medicine under the provisions of an act entitled 'An act to regulate the practice of medicine,' passed May 16, 1873."

The exceptions to plaintiff's petition were overruled, and the case tried before a jury, which resulted in a judgment in favor of plaintiff.

The undisputed evidence shows (1) that the appellee has been constantly engaged in the practice of medicine and surgery in the county of Bexar, State of Texas, for the last twenty years; (2) that on the 20th, 22d, and 27th of July, 1882, he was examined by and obtained from the board of medical examiners of the Twenty-second judicial district of the State of Texas a certificate to the effect that he was thoroughly qualified in all its branches to practice his profession, which certificate was duly recorded on the 31st day of said month in the office of the county clerk of Bexar County, Texas; (3) that said certificate, nor any other entitling him to practice medicine, has ever been filed or recorded in the office of the clerk of the district court of said county; (4) that the medical services, the value of which are sued for, were rendered in the month of May, 1901, under a special contract with the appellant, and, though limited by the contract to $1000, were reasonably worth $3000.

It is contended by appellant in her assignments of error that neither appellee's petition nor the facts proven entitled him to recover. The general rule is, that any act which is forbidden either by the common or statutory law, whether it is malum in se or merely malum prohibitum; whether indictable, or only subject to a penalty or forfeiture; or however otherwise prohibited by statute or the common law, can not be the foundation of a valid contract. Bish. Cont., secs. 470, 471. The test whether unlicensed persons may recover for services rendered may generally be stated to turn upon the question whether the statute or ordinance is prohibitory or for revenue. Benj. Sales, 61st Am. ed., secs.

30-38. If the prohibition is express, there is an end of the question. Smith v. Robertson, 45 L. R. A., 510.

Article 3635, Revised Statutes of 1879, provided that the certificate of the board of medical examiners as to the qualifications of applicants to practice medicine should be filed and recorded in the office of the county clerk of the county court in which the practitioner resided. By the Act of March 23, 1887 (Twentieth Legislature, page 35), this article was amended by providing that before the person to whom such certificate was granted is entitled to practice by virtue thereof such certificate should be recorded in the office of the district clerk of the county in which the practitioner resides or sojourns. Art. 3787, Rev. Stats., 1879. Article 440 of the Penal Code, contained in Revised Statutes of 1895, is as follows: "If any person shall hereafter engage in the practice of medicine in any of its branches or departments for pay, or as a regular practitioner, without having first filed for record with the clerk of the district court in the county in which such person may reside or sojourn, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, he shall be punished as prescribed in article 438."

By the next succeeding article certain classes of persons are exempted from the provisions of the article quoted, but the evidence does not bring appellee within any class of persons so exempted. Therefore his contention that after having his certificate recorded in the office of the county clerk as provided by the law in force when it was issued, entitled him to continue to practice his profession after the amendment of article 3635 by the Act of March 23, 1887, without having his certificate recorded in the office of the district clerk as provided by said amendment, can not be maintained.

This brings the case within the rule announced by this court in Kennedy v. Schultz, 6 Texas Civil Appeals, 461, 25 Southwestern Reporter, 667 (approved by the Supreme Court in Wilson v. Vick, 93 Texas, 88), and demonstrates that appellee is not entitled to recover, unless the Act of February 22, 1901 (Acts Twenty-seventh Legislature, page 12), which excludes from its operation all those who were practicing medicine in Texas prior to January 1, 1885, was in effect when such services were performed.

The contention of appellee is that this act went into effect, as the trial judge held, on the day of its passage. Section 39, article 3, of the Constitution provides: "No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of the members elected to each house, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

Section 15 of the Act of February 22, 1901, is as follows: "The fact that there is no law in force adequately providing for the license

of physicians, surgeons, and midwives, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and this act placed on its final passage, and it is so enacted." It will be observed that this section does not "direct" when the act shall go into effect; nor is such *direction* to be found in the preamble or anywhere in the body of the act. In the absence of such direction it could not, in view of the Constitution, go into effect until ninety days after adjournment. The "emergency and imperative public necessity" recited is that "the constitutional rule requiring bills to be read on three several days be suspended." The constitutional rule referred to is that prescribed by section 32, article 3, of the Constitution, which it authorizes *suspended* "in cases of imperative public necessity," and evidently has no reference to section 35 of the same article.

The Twenty-seventh Legislature adjourned on the 9th day of April, 1901, and as its act of February 22d did not go into effect until ninety days after the adjournment of the session, appellee was not exempted thereby from the provision of article 3789, Revised Statutes of 1879, which required him to have his certificate filed and recorded in the office of the clerk of the district court, but was amenable to article 440 of the Penal Code of 1895 by reason of practicing his profession at the time he alleges the professional services sued for were performed.

However great·the hardship following the law applicable to the facts in this case may be to a man who is an honor to and is honored by his profession, this court is without power to relieve him from it; but must, in obedience to the law,—which governs courts as well as litigants,—reverse the judgment of the County Court, and upon the undisputed facts here render judgment in favor of the appellant, which is accordingly done.

*Reversed and rendered.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.