PAINE v. ECKHARDT et al. (No. 360.)

(Court of Civil Appeals of Texas. Beaumont. April 25, 1918.)

1. PHYSICIANS AND SURGEONS ⬤⟝22—RECOVERY FOR SERVICES — SHOWING RIGHT TO PRACTICE.

A physician to recover for services must show compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 5736, regulating the practice of medicine, and declaring unlawful practice without such compliance.

2. PLEADING ⬤⟝374—JOINT CAUSE OF ACTION.

To recover for services as on a joint cause of action, plaintiffs must show a copartnership or other interest giving such right.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by W. R. Eckhardt and another against Otis W. Paine. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Love & Fouts, of Houston, for appellant. Jno. R. Burkett and L. A. Adamson, both of Houston, for appellees.

BROOKE, J. This was an action for debt brought by appellees, who were plaintiffs below, against appellant. The appellees appear to have been practicing physicians in the city of Houston. The case was tried before the court without a jury, and resulted in a judgment in favor of appellees in the sum of $500. Appellant filed his motion for new trial, which was overruled, and notice of appeal given, and the case is properly before this court for revision.

The contentions of appellant are, among other things, that the judgment of the court is contrary to and unauthorized by law, in that both the pleadings and the evidence failed to show that the plaintiffs, or either of them, had complied with the requirements of law, and especially with the provisions of article 5736, Vernon's Sayles' Civil Statutes, in that the pleadings failed to allege, and the evidence to show, that the plaintiffs, or either of them, had complied with the statute regulating the practice of medicine, and the evidence totally failed to show such facts. This contention must be sustained.

[1] In the first place, the pleadings in the plaintiffs' original petition, and the first and second amended original petitions, are fatally defective in this respect, and if the pleadings were not totally deficient in the lower court, it was by reason of a trial amendment, by which they alleged by trial amendment that they were on August 6, 1912, and prior thereto, duly licensed physicians, under the laws of the state of Texas. Under this allegation, it is much to be doubted if the pleadings were then sufficient to show that they had complied with the statute regulating the practice of medicine. However, if it be presumed that such was the case, it still must be held that the finding of the court, wherein it is found that the plaintiffs herein, Eckhardt and Weir, are both licensed practicing physicians, and have been for several years, and were on August 8, 1912, and continuously thereafter, to the date of the trial, was totally and absolutely shown by the statement of facts to be not founded upon any testimony that is shown by this record. Eckhardt testified that he was a practicing physician. Weir testified:

"I am a practicing physician and have been engaged in the practice in Houston for about ten years."

That being the extent of the testimony, and nothing found in the record upon which the court could base its said finding, we are of opinion that the finding is not warranted. Article 5736, Sayles' Annotated Civil Statutes, provides:

"It shall be unlawful for any one to practice medicine in any of its branches upon human beings within the limits of this state, who has not registered in the district clerk's office in the county in which he resides his authority for so practicing as here prescribed, together with his age, post office address, place of birth, school of practice, to which he professes to belong, subscribed and verified by oath, which if willfully false, shall subject the applicant to conviction and punishment for false swearing, as provided by law. The fact of such oath and record shall be endorsed by the district clerk upon the certificate. The holder of the certificate must have the same recorded upon each change of residence to another county, and the absence of said record shall be prima facie evidence of the want of such certificate."

In the case of Wilson v. Vick, 93 Tex. 88, 53 S. W. 576, it is held that a physician who has a diploma from a recognized medical school, duly recorded, is entitled to practice medicine without obtaining a certificate from the board of medical examiners. However, a contrary decision, in Kenedy v. Schultz, 6 Tex. Civ. App. 461, 25 S. W. 667, has been held to be correct, under the provisions of Revised Statutes of 1879, art. 3638, which prohibited practicing without obtaining a certificate from the medical board, but which said statute was omitted from the revision of 1895. See Wickes-Nease v. Watts, 30 Tex. Civ. App. 515, 70 S. W. 1001; Dowdell v. McBride, 18 Tex. Civ. App. 645, 45 S. W. 397. The state of this record, therefore, showing no testimony which would warrant the conclusion of the court that appellees could recover for professional services without compliance with the statutes regulating the practice of medicine, even if the same had been properly pleaded, is fatal to this cause.

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wooley v. Bell, 33 Tex. Civ. App. 399, 76 S. W. 797.

[2] There is one other matter which is evidenced by this record, and that is that the pleadings and the evidence do not show any copartnership or other interest of appellees in the right to compensation of the other by which they could maintain or recover upon a joint cause of action. This also is fatal to the appellees in this case.

Such being the state of the record, it follows that this cause must be reversed and remanded.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes