LOVING v. PLACE.   (No. 1675.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1924.)

1. Corporations ⬒50—Failure to file certificate held to preclude recovery for services under contract made in assumed name.

Broker who engaged in business under assumed name, without having filed certificate as required by Acts 37th Leg. (1921) c. 73, §§ 1, 2 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½, 5950½a), could not recover for services performed under contract entered into in such name.

2. Names ⬒21—Statutes as to business under assumed name are prohibitory statutes and not statutes for revenue.

Acts 37th Leg. (1921) c. 73, §§ 1–5 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d), section 6 (Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), and section 7, forbidding transaction of business under assumed name unless certificate shall have been filed, providing for payment of filing fee, and making violation of act a misdemeanor, are prohibitory statutes, and not statutes for revenue.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Suit by F. C. Loving against Joe T. Place. Judgment for defendant, and plaintiff appeals. Affirmed.

Jones, Hardie & Grambling, of El Paso, for appellant.

Nealon, Hudspeth & McGill, of El Paso, for appellee.

HARPER, C. J. This suit is one by Loving against Place for commissions earned as a real estate agent. The jury found that Loving found a purchaser willing and able to buy at the price listed. The court gave judgment for Place upon the ground that Loving was doing business in the name of the Clint Realty Company; that the contract was a written one with said realty company, and that plaintiff's name does not appear in the writing; and that plaintiff had failed to comply with articles 5950½ and 5950½a, Vernon's Ann. Civ. St. Supp. 1922 of Texas, being sections 1 and 2 of chapter 73 of 37th Legislature.

The designation given this chapter in the Session Laws is: "Assumed Name—Forbidding the Transaction of Business in Texas Under." The preface to this chapter is as follows:

"An act forbidding transactions of business in Texas under an assumed name other than the real name or names of the individuals conducting such business, unless such individuals file in the office of the clerk of the county where such business is to be conducted a certificate containing the names and addresses of such persons; providing for the keeping of special record of such certificates by the county

clerks of the state, providing for a filing fee to be paid the county clerk for filing such certificates, making it a misdemeanor not to comply with the provisions of this act, and fixing a penalty for such failure, and declaring an emergency."

### Section 1 provides:

"No person or persons shall hereafter carry on or conduct or transact business in this state under any assumed name or under any designation, name, style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct, or transact or intend to conduct or transact such business, a certificate setting forth the name under which such business is or is to be, conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the post office address or the addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business in the manner now provided for acknowledgment of conveyance of real estate."

### Section 2 provides·

"Persons now owning or conducting such business under an assumed name or under any such designation referred to in section one, shall file such certificate as hereinbefore prescribed, within thirty days· after this act shall take effect, and persons hereinafter owning, conducting or transacting business aforesaid shall before commencing said business file such certificate in the manner hereinbefore prescribed."

Section 3 (article 5950½b) requires the filing of a certificate setting forth the fact of withdrawal from a business operated under an assumed name by the person withdrawing therefrom or disposing of his interest therein, and provides that he shall be liable for the debts of the business until such certificate is filed.

Section 4 (article 5950½c) provides for the keeping of an alphabetical index of all persons filing certificates by the several county clerks of the state. Section 5 (article 5950-½d) excepts corporations from the operations of the act. Section 6 (Vernon's Ann. Pen. Code Supp. 1922, Art. 1007c) provides a penalty for failure to comply with the provisions of the act as follows:

"Any person or persons owning, carrying on or conducting or transacting business afore-· said, who shall fail to comply with the provisions of this act, * * *, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, and each day any person or persons shall violate any provisions of this act shall be deemed a separate offense."

Section 7 is the emergency clause, which reads:

"The fact that there is now no law providing for the registration of the names of persons doing business under assumed or fictitious names, and that the absence of such law impairs the stability of credits in the state, creates an emergency and imperative public necessity requiring that the constitutional rule that bills shall be read upon the three several days shall be suspended, and it is hereby suspended, and this act shall take effect from and after its passage, and it is so enacted."

[1] Appellant's propositions amount to the contention that where a person has performed his part of a contract the courts will enforce it against the other party even though such person was doing business under an assumed name and had failed to file certificate as required by the statutes.

There is no doubt that the Legislature by these statutes intended to and did make it unlawful to transact business under an assumed name, and, being unlawful to do it, there is no reason why the courts should lend their aid to ·the enforcement of a contract made in violation of law.

Hunter et al. v. Patterson et al., 162 Ky. 769, 173 S. W. 120, L. R. A. 1915D, 987, 988, should rule this case, and it be affirmed.

[2] These statutes are prohibitory, not for revenue. Wickes-Nease v. Watts, 30 Tex. Civ. App. 515, 70 S. W. 1001; Annotation, 30 A. L. R. 834.

Affirmed.