## SHOTWELL v. PHILLIPS.

### No. 11622; Motion No. 13110.

Court of Civil Appeals of Texas. Galveston.
April 6, 1944.

Rehearing Denied May 11, 1944.

Hay, Kirk & Baggett, of Houston, for appellant.

Cedric Taylor, of Houston, for appellee.

CODY, Justice.

This is an action by appellee to recover $350 from appellant as the reasonable value) of services rendered her by appellee as a physician between May 6, 1941, and July 12, 1941.

Appellee's petition, though it alleged that he is a practicing physician, and was such at the time the services were rendered, does not allege that he was a licensed physician, or otherwise undertake to allege compliance with the requirements of R.C.S. Art. 4498, Vernon's Ann.Civ.St. Art. 4498.

Appellant's answer consisted solely of a general denial.

The case was tried without a jury, and judgment rendered for appellee for the amount sued for. No findings of fact or conclusions of law have been filed, and none were requested.

Appellant seeks to have the judgment reversed upon the sole point that appellee neither pled nor proved that he is a licensed physician.

It was held in Paine v. Eckhardt et al., Tex.Civ.App., 203 S.W. 459, that a physician must plead and prove as a condition precedent to recovering for services which he has rendered that he has complied with the requirements of what is now R.C.S. Art. 4498, and must plead and prove such requirements in detail. If we understand the ruling in the cited case, it would not be enough to plead that he was a practicing physician, nor, as for that matter, that he was a licensed physician, but must allege full compliance with said statute and then prove it. Furthermore, as we understand the holding, his defective pleading could not be aided by proof that he held a degree from one of the foremost medical schools in the country, and had served his interneship for two years at one of the leading hospitals in the country, and then, as a resident physician at such hospital, completed four years to qualify himself in the line in which he had specialized, and had then practiced medicine in the face of day in the same locality for years, and belonged to the local, state and national medical associations. But assuming that the physician had pled full compliance with said statute, we understand that, under such facts as we have supposed, under said holding, the jury or the court trying the case would not be allowed to draw the inference that the physician who had taken so much time and pains to qualify himself in his profession, and for a position of honor in the community, had taken out a license to practice, though such would be the only reasonable inference under the facts. The Paine case never reached the Supreme Court. But whether it was wrongly or rightly decided as the law then stood with reference to legal procedure is no longer of interest. Certainly it was wrong to have a legal procedure that would lead to such a result. To remedy such situations the new rules of practice and procedure were put into effect. The one here relevant being Rule 90.

By force of Rule 90 the general demurrer has been abolished, and every defect in a pleading either of form or substance, which is not specifically pointed out by motion or exception in writing, and brought to the attention of the court before rendition of judgment, must be deemed waived by the party seeking reversal on such account. We applied this Rule in Texas Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, writ refused, and held that where it appeared that appellants made no attempt to obtain action by the trial court upon an alleged defect in appellee's pleading prior to rendition of judgment, they would be deemed to have waived such defect.

■ Appellant's objection that appellee's pleading is defective because it does not allege that he is *licensed* physician is overruled. For, as noted, no exception was levelled thereagainst.

■ Appellant asserts that the record in this case shows that appellee failed to prove that he has a license to practice medicine. Appellant fails to show from the statement of fact that there was no evidence that appellee had a license, she merely shows that her counsel refused to admit that appellee was shown to be qualified. She does not even show that appellee failed to introduce his very license itself in evidence. And in the absence of a showing by appellant to the contrary, it is our duty to presume in support of the judgment that there was evidence to support it. But we assume that appellee overlooked putting his license in evidence. However, from the evidence which he did introduce, the court was warranted, to say the least, in finding that he possessed a license. We cannot doubt that appellant likewise was fully persuaded of such fact, for it would be difficult to believe that after having done the weightier things of the law that appellee had left this thing undone, or that he would disable himself from practicing medicine, or collecting for so doing.

■ Since Rule 90 relieved appellee, in the absence of special exceptions, from pleading his case with any greater particularity than he did, it relieved him from the requirement of producing his license in open court, in support of his pleading.

Had appellant objected to the pleading on the ground that there was no allegation that appellee, though a practicing physician, did not allege that he did so lawfully and held a license, we would have a different case. An appellant cannot now withhold his objection until he gets to the appellate court, and cause the case to be sent back down for a new trial, to prove a mere technicality. Rule 90 imposed upon appellant the duty to raise the point seasonably in the trial court, in some manner, and provided that if not then seasonably raised it would be waived.

Judgment should be affirmed, and it is so. ordered.

Affirmed.

## On Motion for Rehearing.

As shown in our former opinion, under authority of Paine v. Eckhardt, Tex.Civ. App., 203 S.W. 459, the failure of a physician to allege, in an action to recover for medical services, that he had a license to practice medicine was a fatal defect in his pleading. Of course, in such case, the plaintiff was permitted to amend his petition so as to state a cause of action sufficient against a general demurrer, and then to prove such petition as amended. Appellant does not deny in her motion for rehearing that by force of Rule 90, abolishing general demurrers, her failure to point out the defect in appellee's pleading constituted a waiver of such defect. She insists, however, that a waiver by her of such defect in pleading was no waiver of any defect or failure in appellee's proof, and that it was necessary for him to prove that he had a license to practice medicine to support a recovery for medical services.

We overrule appellant's motion for rehearing. To sustain such contention would be to hold that a demurrer to evidence was good where the evidence fully sustained the allegations of the petition, and there was no exception to the petition as defective. To sustain appellant's contention would be, by indirection, to sustain a general demurrer to appellee's petition. For if we sustained a demurrer to appellee's evidence, we would be required to remand the cause for a new trial to enable appellee to amend his petition to allege that he has a license, and prove his petition as amended.

Motion for rehearing overruled.