

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 26, 1957

Honorable Henry Wade
District Attorney
Dallas, Texas

Dear Mr. Wade:

Opinion No. WW-173.

Re: Effective date of House Bill
No. 940, Acts of the 55th
Legislature, Regular Session.

You have requested the Opinion of this office relative to the effective date of H.B. 940, Acts of the 55th Legislature. The foregoing bill creates a Juvenile Court and a Court of Domestic Relations in Dallas, and provides generally for the organization and operation of said courts.

The official endorsements on the Bill itself reflect that it was finally passed by both Houses of the Legislature by the requisite two-thirds majority which is required for a Bill to become immediately effective after its approval by the Governor. The Bill was subsequently approved by the Governor on June 12, 1957.

Section 22 of said Bill, same being the emergency clause, reads as follows:

"The crowded condition of the dockets in the District Courts of Dallas County creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and it is so enacted."

Section 39 of Article III of the Constitution of Texas, reads as follows:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

Section 32 of Article III of the Constitution of Texas, reads as follows:

"No bill shall have the force of a law, until it has been read on three several days in each House, and free discussion allowed thereon; but in cases of imperative public necessity (which necessity shall be stated in a preamble or in the body of the bill) four-fifths of the House, in which the bill may be pending, may suspend this rule, the yeas and nays being taken on the question of suspension, and entered upon the journals."

It is noted that the emergency clause of H.B. 940, or no section thereof contains the usual provision that "this Act shall take effect and be in force from and after its passage, and it is so enacted", or words of similar import or meaning. The primary question is what effect, if any, the absence of such a clause, or words of similar import, in any section or portion of the bill has upon the effective date of same.

The exact question was before the Court of Civil Appeals in the case of Wickes-Nease v. Watts, 70 S.W. 1001 (Civ. App., error dism. W.O.J.). The emergency clause of the bill before the Court read as follows:

"The fact that there is no law in force adequately providing for the license of physicians, surgeons and midwives creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended and this act placed on its final passage and it is so enacted."

Speaking of the foregoing clause and the effect of same upon the effective date of the bill, the court said:

"It will be observed that this section does not 'direct' when the act shall go into effect, nor is such direction to be found in the preamble or anywhere in the body of the act. In the absence of such direction, it could not, in view of the constitution, go into effect until 90 days after adjournment. The 'emergency and imperative public necessity' recited is that 'the constitutional rule requiring bills to be read on three several days be suspended.' The constitutional rule referred to is that prescribed by section 32, art. 3, of the constitution, which it authorized suspended 'in cases of imperative public necessity,' and evidently has no reference to section 35 of the same article."

The applicability of the foregoing decision to H.B. 940 is readily apparent.  The emergency clause of said bill, as in the above case, was effective only to suspend the constitutional rule requiring bills to be read on three several days in each House.  The bill is completely silent as to the time when same shall become effective.  No language therein used is reasonably indicative of a legislative intent that the bill should become immediately effective after its passage.

You are accordingly advised that it is our opinion that H.B. 940, pursuant to Section 39 of Article III of the Constitution of Texas, will become effective 90 days after the adjournment of the Regular Session of the 55th Legislature.

## SUMMARY

House Bill 940 passed by the 55th Legislature, Regular Session, will become effective 90 days following the adjournment date of said session of the Legislature.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Leonard Passmore
Assistant

LP:jl:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Larry Jones
Milton Richardson
Joe G. Rollins

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn