## J. H. WILSON v. R. A. VICK.

No. 831. Decided November 9, 1899.

**1. Pleading—Demurrer—Waiver.**

See demurrer in which statement of a specific ground of objection was held to waive other grounds, though such as might have been raised by general demurrer. (Pp. 89, 90.)

**2. Practice of Medicine—Statutes Construed.**

A physician who has a diploma from a recognized medical school duly recorded is entitled to practice medicine without obtaining a certificate from the board of medical examiners. Penal Code, arts. 438, 440; Rev. Civ. Stats., arts. 3784, 3785, 3787. (Pp. 90, 91.)

**3. Same—Case Limited.**

The contrary decision in Kennedy v. Schultz, 6 Texas Civil Appeals, 461, was correct, under the provision of Revised Statutes, 1879, article 3638, which prohibited practicing without obtaining certificate from the medical board, but which was omitted from the revision of 1895. (P. 91.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Lee County.

Vick sued Wilson, and obtained a judgment which was affirmed on appeal taken by defendant, who thereupon obtained writ of error.

*W. A. Morrison*, for plaintiff in error.—The court erred in sustaining the plaintiff's exception to so much of the defendant's answer as pleaded in set-off the account for the sum of $206.50, for the reason that the allegations of the defendant's answer showed him to be a competent and qualified physician and entitled under the law to receive compensation for his professional services, and because he was entitled to recover, at any rate, for the items in said account that were not strictly the result of professional services.

*Orgain, Garwood & Bowers*, for defendant in error.—A physician who has not received and recorded his certificate from the board of medical examiners in accordance with the provisions of title 82 of the Revised Civil Statutes of 1895 is not entitled to recover for medical services. Rev. Stats., arts. 3777, 3788; Penal Code, arts. 438-440; Kenedy v. Schultz, 6 Texas Civ. App., 461; Railway v. Muth, 7 Texas Civ. App., 443; Dowdell v. McBride, 18 Texas Civ. App., 645; Dowdell v. McBride, 92 Texas, 239.

GAINES, CHIEF JUSTICE.—This suit was brought by defendant in error against plaintiff in error, to recover a sum of money for material furnished to the latter to be used in the construction of a house, and to foreclose a lien upon the lot upon which the house was situated. The defendant below filed many exceptions to the petition, and pleaded, among other things, an account for medical services and medicines as an offset. The plaintiff having excepted to the plea of set-off, the exception thereto was sustained, and, upon the trial, judgment was rendered for the debt as claimed, with a decree enforcing the lien.

The case was carried to the Court of Civil Appeals upon numerous assignments of error, one of which was that the trial court erred in sustaining the plaintiff's exception to the defendant's plea of set-off. The appellate court found, however, that no error was pointed out, and affirmed the judgment.

We concur in the rulings of the Court of Civil Appeals upon all the assignments save upon that specifically mentioned. In his plea of set-off, the defendant averred that "he is a regular practicing physician, entitled to practice his profession by virtue of a regular diploma granted to him by the Vanderbilt University, of Nashville, Tennessee, the said university being a university of the first class and being a medical college recognized by the American Medical Association; and that before the defendant engaged in the practice of medicine, as hereinbefore set out, he caused the said diploma to be duly recorded in the office of the district clerk of Lee County, Texas." Plaintiff's second exception to the plea was upon the ground that "said plea shows no right in defendant to recover for services as a physician in this, that it does not show that defendant has qualified himself to practice medicine in this State by filing with the clerk of the District Court of Lee County the certificate required by the civil and criminal statutes of this State."

The plea was probably not good as against a proper objection. It should have been averred that Vanderbilt University was chartered by the Legislature of the State of Tennessee or its authority; but we are of opinion that, although the point may have been raised by a general demurrer, since the pleader has seen proper to state a specific ground of objection, he should be held to waive all others and be confined to it. If the exception had been urged against the plea that it did not show that the college from which the diploma emanated was chartered by authority of the Legislature of the State in which it existed, the defect would most likely have been cured by amendment.

The question then recurs, is the plea good against the specific exception interposed by the plaintiff? In other words, can a physician who has a diploma duly recorded, but who has not had recorded a certificate from an authorized board of medical examiners, recover for medical services rendered by him? Article 438 of the Penal Code makes it a misdemeanor to practice medicine in this State without "first having obtained a certificate of professional qualification from some authorized board of medical examiners, or without having a diploma from some accredited medical college, chartered by the Legislature of the State or its authority, in which the same is situated." Article 440 also makes it a misdemeanor to practice without having recorded with the clerk of the district court "a certificate from some authorized board of medical examiners or a diploma from some accredited medical college." But the code nowhere makes punishable the practice of medicine by one who has a duly recorded diploma from such accredited medical college as is described in article 438. The Revised Civil Statutes, after providing for a board of medical examiners in each judicial district, makes it the duty of the board "to examine thoroughly all applicants for certificates of qualification to practice medicine in any of its branches or departments, whether such applicants are furnished with medical diplomas or not, upon the following named subjects," etc. (Revised Statutes, article 3784); and further provides in article 3785 that "When the board shall be satisfied as to the qualifications of an applicant, they shall grant to him a certificate to that effect, which certificate shall entitle the person to whom granted to practice medicine in any county, when the same has been recorded as required by article 3787." Article 3787 contains this provision: "The certificate provided for in the two preceding articles shall, before the person to whom it was granted is entitled to practice by virtue thereof, be recorded in the office of the clerk of the district court of the county in which such practitioner may reside or sojourn, in a well-bound book to be kept by the clerk for that purpose," etc. There is an apparent inconsistency between the provisions of the Civil Statutes and those of the Penal Code which we have found it somewhat difficult to reconcile upon satisfactory grounds. Clearly the Penal Code does not prohibit a physician from practicing his profession who has received a diploma from a proper college and who has had it properly recorded. Nor is there any express prohibition in the Civil Statutes.

It would seem, however, that the purpose of making it the duty of the examining board to examine physicians with diplomas was to enable them to pursue lawfully the practice of medicine,—a thing not necessary unless the practice without a certificate from the board was unlawful. Indeed, the act expressly says that the certificate, when recorded, "shall entitle the person to whom granted to practice medicine," etc. Now it was held by the Court of Civil Appeals of the Fourth District, in an able and well considered opinion by Mr. Justice Fly, that under the law, as it then stood, a physician who had not procured a certificate from an examining board but who had a diploma, which, however, had not been recorded, could not recover for medical services. The decision is clearly right, for practicing without having his diploma recorded was a clear violation of article 398 of the Penal Code of 1879, now article 440 of the present Code. But, as we understand it, the opinion takes a broader scope, and holds that under the Civil Statutes the plaintiff in the case was not lawfully entitled to practice medicine, and that therefore he could not recover. We are inclined to think that the decision properly construed the law as it then existed. The case arose before the adoption of the Revised Statutes of 1895. The Revised Statutes of 1879 contained this important provision: "Art. 3638. No person, except those named in the preceding article, shall be permitted to practice medicine in any of its branches or departments without first having obtained and recorded a certificate of qualification from some authorized board of medical examiners, as hereinbefore provided; and any person so offending shall be punished as provided in the Penal Code." Physicians having diplomas are not among those excepted by the preceding article. This clearly made practicing without a certificate unlawful. This article is wholly omitted from the Revised Statutes now in force. We are to presume that the omission was for a purpose and not inadvertent. That purpose would seem to be to bring the provisions of the Civil Statutes in consonance with the Criminal Statutes upon the same subject matter and to make it not unlawful for a physician having a duly recorded diploma from a proper college to practice his profession. It may have been deemed wise to leave the provision standing which made it the duty of the medical boards to examine all physicians who should apply, whether with or without diplomas; for the reason that some physicians might prefer to take out certificates rather than to rely upon their diplomas to fix their status as legal practitioners.

Because, in our opinion, the trial court erred in sustaining the plaintiff's exceptions to the defendant's plea of set-off, the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*