### · Andrew Peterson v. B. H. Seagraves.

#### No. 969.  Decided February 11, 1901.

**1.  Practice of Medicine—Temporary Certificate—Renewal.**

A single member of the board of medical examiners, authorized by article 3786, Revised Statutes, to issue a temporary certificate entitling a physician to practice until the next meeting of the board of examiners, has no authority to issue a second temporary certificate to the same applicant after he has failed to procure a permanent certificate from the board at its next meeting. (Pp. 392-395.)

**2.  Statutes—Legislative Construction.**

The fact that laws subsequently passed by other Legislatures, regulating the practice of dentistry and pharmacy, in authorizing temporary certificates, expressly forbade the issuance of more than one to the same person could not be taken as a legislative construction that the act in reference to physician's certificates, which contained no such express prohibition, intended to permit a second temporary certificate. (Pp. 394, 395.)

**3.  Practice of Medicine Without Certificate—Fees Not Recoverable.**

A physician can not recover for medical services rendered without holding at the time any certificate from the board of medical examiners except a third temporary certificate by a single member of the board, given after he had twice failed to procure a permanent certificate on examination. (P. 395.)

Questions certified by the Court of Civil Appeals for the Second District, in an appeal from Denton County.

The majority and dissenting opinions in the Court of Civil Appeals were as follows:

"CONNER, Chief Justice.—The majority do not feel authorized to read into article 3786, Revised Statutes, an inhibition limiting the authority of a member of a medical board to the issuance of a single certificate, as insisted upon in behalf of appellant; particularly in view of the somewhat similar provisions relating to the issuance of temporary certificates in cases of dentists and pharmacists found in the Revised Statutes.

"In these instances the statute had limited the authority to the issuance of a single certificate. Had there been like legislative intent in the case of physicians, no reason is perceived why the same should not have been expressly declared. The reasons urged why the law should be so·construed, in our judgment, are reasons more ·properly to be addressed to the Legislature. We therefore conclude that the certificate made in 1889 authorized appellee to practice medicine; and that

Dr. Inge's avowed purpose and declarations at the time of its issuance can not control its legal effect.

"The objection to the certificate issued by the board of medical examiners January 26, 1899, should have been sustained, and the ruling of the court in that particular was technically erroneous, but on careful consideration of the record we have concluded that the error will not justify us in reversing the judgment under the express limitation of the court in his charge.

"Whatever may have been the general incompetence of appellee, and his lack of technical and general knowledge of the practice and theory of medicine, he was entitled to the reasonable value of beneficial services performed by him at the request of appellant. The jury by their verdict under the charge of the court necessarily affirmed the beneficial character of appellee's services; and the record fails to disclose any evidence tending to prove that appellee's services as actually performed by him were not beneficial in the case in which he had been called, or that the medicine, by whatever name designated, administered by him was of injurious effect upon appellant's wife, or that her death was in any degree induced or brought about by the enlargement of the deceased's liver, which it is insisted should have been discovered by appellee."

DISSENTING OPINION.

"HUNTER, ASSOCIATE JUSTICE.—I can not agree to the above, because I believe that the intention of the Legislature was to allow a member of the board of physicians to grant only one temporary certificate, and after the board had found the applicant not qualified to practice medicine no member of the board had the right or authority to grant a second temporary certificate.

"I give the statute this construction in view of the evil which the Legislature intended to remedy—that is, the injuries to life and health if incompetent quacks and ignorant charlatans are permitted to prey upon the sick and afflicted people throughout the land.

"Not being legally authorized to practice medicine the appellee was violating the penal laws of the State, and he can not recover for such services, or for his 'niggerhead' and gravel drops."

*P. Mounts* and *H. E. Lobdell,* for appellant.—The court erred in sustaining plaintiff's demurrer to the defendant's first amended answer filed here January 24, 1900, and in holding thereby that the temporary certificate during the existence of which the plaintiff rendered the medical services sued for was authorized, and that the same could not be attacked in the manner indicated by the defendant's said plea, and in holding that said certificate was not void. Rev. Stats., art. 3786; Kenedy v. Schultz, 6 Texas Civ. App., 461; Hutchins v. Lockett, 39 Texas, 165.

The Revised Statutes, article 3786, by necessary intendment forbids

the issuance of but one temporary medical certificate by one member of the medical examining board, and in particular when the applicant, as in the case of appellee, had been examined by said board and his application rejected for incompetency at four different sessions thereof. The said certificate issued the 16th of November, 1897, by Dr. J. M. Inge, was without authority in law and void, and the trial court erred in admitting in evidence said certificate, and in refusing to hear the evidence offered by the appellant in support of his objection thereto showing that said certificate was issued without examination of the appellee, and after the issuance of two prior temporary certificates, and after said board had refused to grant him a certificate because incompetent and that the same was obtained and granted not for the purpose of practicing medicine, but to enable appellee to collect his medical accounts. Same authorities.

*Bates & Roark* and *Owsley & Ragsdale*, for appellee.—Where power or jurisdiction is delegated to any public officer or tribunal and its exercise is confided to his or their discretion, the acts so done are binding and can not be disturbed collaterally for anything done in the exercise of that discretion, except for want of authority in the officer or fraud on the part of the party. United States v. Arredondo, 6 Pet., 729; Howard v. Colquhoun, 28 Texas, 142. The want of authority must be shown by the law, or that the attempt to exercise this authority was beyond the territory over which he has jurisdiction. Hanrick v. Jackson, 55 Texas, 25. Fraud to vitiate a grant must be actual and positive fraud in fact, committed by the person who obtained the grant. Johnson v. Smith, 21 Texas, 726.

There is no question of the authority of Dr. Inge to issue a certificate of the character under which plaintiff was practicing, and he had discretion as to whom they should be issued. He was exclusive judge of the qualifications of the applicant, and his action in granting it is res adjudicata, and can not be inquired into. Howard v. Colquhoun, 28 Texas, 149. The fact that the other temporary certificate had been issued did not make it an act without authority, but might have made it an improper exercise of authority. Hanrick v. Jackson, 55 Texas, 32, 33. There is no pretense that Dr. Inge was induced to issue the certificate by means of fraudulent misrepresentations, nor that he would not have issued same except for the alleged misrepresentations of the plaintiff. Johnson v. Smith, 21 Texas, 726.

WILLIAMS, ASSOCIATE JUSTICE.—The following certificate has been made by the Court of Civil Appeals for the Second District and the questions therein stated have been submitted for decision:

"On December 5, 1898, suit was instituted by appellee in a justice court of Denton County upon an account for medicines and medical services rendered appellant's wife at his request during her last sickness. The appellant pleaded in reconvention for damages in the sum

of $150, and specially that at the time of the service for which appellee sued he was not authorized to practice medicine in that he, appellee, was then practicing under a void temporary certificate issued by Dr. J. M. Inge, a member of a board of medical examiners. Appellee prevailed in the Justice Court and also on an appeal to the County Court. The judgment of the County Court in appellee's favor was affirmed by us on November 10, 1900, Justice Hunter dissenting, and the cause is now here pending on motion for a rehearing in which appellant prays that the question of law involved be certified, and we have decided to do so, as provided in Revised Statutes, article 1043.

"So far as necessary to an understanding of the question involved, the facts are that Dr. J. M. Inge, who at all times herein stated was one of the duly appointed and acting members of the board of medical examiners for the district that included Denton County, on the 16th day of November, 1897, issued and delivered to appellee a temporary certificate as provided by article 3786, Sayles' Texas Civil Statutes, 1897. This was the third temporary certificate issued by Dr. Inge to appellee, the board of medical examiners for the district at each of its regular biennial meetings after the issuance of the two preceding certificates having refused to issue to appellee a permanent certificate after examination. At appellant's request, appellee, during the life of said third certificate, attended appellant's wife and performed certain services and administered certain remedies not necessary to here particularize, which the evidence tended to show were beneficial, and for which appellee charged the usual and reasonable physician's fees, and it therefore became material to determine, and we accordingly certify to your honors for decision, the question involved; that is, whether, under the facts stated and under the law regulating the practice of physicians, Dr. Inge had the authority to issue to appellee the third temporary certificate of November 16, 1897, and consequently whether thereunder appellee was authorized to practice as a physician and to charge for his services as such."

Both questions are answered in the negative. The statutes (title 82, Revised Statutes) provide for the appointment of a "board of medical examiners" for each judicial district to be composed of not less than three physicians, and such board is required to meet "regularly semiannually" in its district to conduct examinations and grant certificates. The board is required to examine thoroughly all applicants for certificates of qualification to practice medicine, and, when satisfied as to the qualifications of an applicant, to grant him a certificate entitling him to practice medicine in any county, when the same has been recorded, as further provided. By article 3786 it is provided as follows: "Any two of the members of such board of medical examiners may grant a certificate of qualification to an applicant, and any member of said board shall have authority to grant a temporary certificate to an applicant upon examination until the next regular meeting of the board, at which time the temporary certificate shall cease to be of force." This

title of the Revised Statutes contains no express prohibition against the practicing of medicine by persons without certificates, but article 438 of the Penal Code makes it a misdemeanor for any person to practice "without first having obtained a certificate of professional qualification from some authorized board of medical examiners, or without having a diploma from some accredited medical college," etc., and article 440 makes it a misdemeanor for any person to practice without having first filed for record his authority to do so mentioned in article 438. Both the Civil Statutes and the Penal Code make certain exceptions which are unimportant here. This court had occasion in the case of Wilson v. Vick, 93 Texas, 88, to consider the effect of these several provisions upon a different question from that now presented.

The effect of the provisions of title 82 is to give to the board or two members thereof authority to issue a certificate, which, when recorded, shall permanently entitle the recipient to practice medicine, and to each member of the board authority to give a temporary certificate entitling the applicant to practice until the next meeting of the board. No authority save this is conferred upon one member of the board, and consequently he can have no other. Not only is there an absence of express authority to issue more than one temporary certificate to the same person, but there is an express limitation of the duration of such certificate to the next meeting of the board. The purpose was to afford opportunity to any person, who might be able to satisfy one of the board of his qualifications, to engage at once in practice without waiting for a regular meeting of the board, but not to substitute the judgment of the individual member for that of the board after the latter had once acted. If one member, after the board has decided against an applicant, may continue his license to practice, it is apparent that the special and limited authority conferred on such member may be made to supplant the general control given to the board,—a result antagonistic to the spirit and purpose of the statute. The board is required to hold two meetings a year, and this affords ample facility for all who may qualify themselves by further application after being once rejected to have another examination. An express prohibition of more than one temporary license was unnecessary. The question is, what was the authority given to the individual member of the board, and the answer is that it was only to issue a temporary certificate, good until the next meeting of the board.

The fact that the laws regulating the practice of dentistry and pharmacy contain provisions expressly forbidding the issuance of more than one temporary certificate can not determine the construction of the statute under consideration. These provisions are not parts of the same act; were not even passed at the same session of the Legislature. A statute regulating the practice of medicine was passed in 1873 and another in 1876, which has gone into the Revised Statutes. The provisions of both of these acts upon the point before us were in substance the same as that carried into the revision, and the latter must receive the same construction as would have been given to the former. The

other laws were passed, one in 1889 and the other in 1897. They can not be taken even as a legislative construction of the law already existing upon a different subject.

The third temporary certificate not giving to appellee the right to practice medicine and not being such as is mentioned in Penal Code, article 438, his contract to render medical services was one made in violation of law and can not be made the foundation of a recovery for services performed. In the case of Wilson v. Vick, supra, this court recognized the correctness of the holding by the Court of Civil Appeals of the Fourth District in the case of Kenedy v. Schultz, 6 Texas Civil Appeals, 461, and it is unnecessary that we should add anything further to the discussion of this branch of the question.