## DEDEAR et al. v. WILSON, et al.
### No. 9793.

Court of Civil Appeals of Texas. Austin.

May 4, 1949.

Rehearing Denied May 11, 1949.

McClain & Gauntt, by W. K. McClain and C. E. Gauntt, of Georgetown, for appellants.

Sneed & Vine, by Jerome Sneed, Jr., of Austin, for appellees.

ARCHER, Chief Justice.

This is a suit for cancellation of a written lease contract. The appellants are the legal heirs and representatives of A. L. Dedear, deceased. They bring this action to cancel a written contract made between A. L. Dedear, deceased, and Howard Wilson et ux, on the 17th day of August, 1946, and for writ of possession. Appellants gave written notice to vacate, and upon appellees' refusal brought suit to cancel contract and for writ of possession. Appellees answered by special exceptions and general denial. The trial court sustained the special exceptions 5 to 12, inclusive, and upon appellants' refusal to amend entered judgment dismissing the cause.

This case is before us on two points assigned as error by appellants and on cross assignments by appellees.

The controversy arose over the construction of a written contract for the lease of land. The particular paragraphs involved are the fifth and ninth of the contract, reading:

"Fifth: Should there at any time be any default in the payment of any rent, or in any of the covenants herein contained, then (subject to paragraph Nine hereof) it shall be lawful for the party of the first part to declare this contract cancelled and terminated, and to reenter said premises and remove all persons therefrom without prejudice to any legal remedies which may be used for the collection of rent, all and

every claim for damages, for or by reason of said reentry hereby expressly waived.

\* \* \* \* \* \*

"Ninth: That if either of said parties shall wish to terminate said lease for sufficient cause then the said party shall give the party in default at least a thirty days written notice thereof before terminating the same."

Appellants contend that the ninth clause created an option available to either party to cancel the lease for "sufficient cause," and that the allegations in their petition adequately raised fact issues which should have been submitted to a jury. Appellees contend that paragraphs 5 and 9 must be construed together, and consequently a forfeiture can be had only by a breach of the covenants, namely, (1) payment of rent; (2) failure to keep the property in good repair; (3) prevention of examination of property; (4) failure to surrender property; and (5) subletting of property.

We believe that the trial court correctly construed the contract by his action in sustaining the exceptions to the effect that the only way the lessor could terminate the contract was by the lessee breaching one of the covenants.

The contract must be considered in its entirety and the two paragraphs (5 and 9) construed together.

"If there is any doubt as to the meaning of the language of a lease, the uncertainty is to be resolved against the lessor, the rule in this respect being the same as that which obtains in the case of a deed. The several provisions or parts of a lease are to be deemed to have become a unified whole. In case of a dispute as to the meaning and import of words or provisions, the construction of the contract is a function of the court if the language is shown to be unambiguous \* \* \*." 27 Tex.Jur., p. 59, par. 13. See Walling v. Christie & Hobby, Tex.Civ.App., 54 S.W.2d 186; Pickrell v. Buckler, Tex.Civ.App., 293 S.W. 667, writ ref. 116 Tex. 567, 296 S.W. 1062.

The appellants contend under their second point that the lease was terminated as a matter of law under the provision of Art. 635, Penal Code of Texas.

Appellee Howard Wilson pleaded guilty to the offense of maintaining punch boards and "grab jars" under Art. 654.

We do not believe that a violation of Art. 654, Penal Code, would be such an offense as is denounced by Art. 625, Penal Code, or that a forfeiture would be applicable. Thomas v. State, 129 Tex.Cr.R. 628, 91 S.W.2d 716.

We do not deem it necessary to pass on appellees' cross assignments.

The judgment of the trial court is affirmed.

Affirmed.