**Larry WILSON, Appellant,**

v.

**Albert Edward BOYD, III, Appellee.**

**No. 5052.**

Court of Civil Appeals of Texas, Eastland.

Sept. 15, 1977.

J. A. Hogan, Hogan & Fudge, Wichita Falls, for appellant.

D. J. Brookreson II and Joe Reeder, Seymour, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Larry Wilson, sued defendant, Albert Edward Boyd, III, seeking damages allegedly resulting from a wrongful eviction. The trial court granted defendant an instructed verdict. Plaintiff has appealed. We reverse and remand.

Plaintiff, as lessee, and defendant, as lessor, entered into a five-year term written lease, containing an option to renew for an additional three years, dated March 21, 1972, covering 4.9 acres of land "enclosing the elevator buildings and improvements" located thereon. The lease expressly pro-

vided that the "premises are leased to be used as a grain elevator and storage and fertilizer business." The total rent was $15,000, payable in $750 installments on or before April 1, July 1, October 1, and January 1 of each year during the term of the lease. On October 24, 1974, lessee received a letter from lessor advising lessee that the October 1, 1974, rent payment had not been received and the lease was terminated in accordance with Paragraph 8, Section 3 of the lease. This portion of the lease provides:

"3. It is especially understood that in the event the Lessee herein fails to make prompt payment of the quarterly installments represented in paragraph *three*, this lease shall terminate to both parties, without written notice and revert to the Lessor."

■ This being an appeal from an instructed verdict, we must accept as true the evidence supporting plaintiff's allegations. All conflicts and inconsistencies must be resolved in favor of plaintiff, and we must draw all inferences therefrom most favorable to plaintiff's alleged cause of action. *Constant v. Howe*, 436 S.W.2d 115 (Tex. 1968); and, *Hart v. Van Zandt*, 399 S.W.2d 791 (Tex.1965).

Plaintiff testified that he forgot to mail the October 1, 1974 payment, and upon receipt of defendant's letter on October 24, 1974, he immediately mailed defendant a cashier's check for $750. Plaintiff alleged that prior to October 1, 1974, defendant had consistently, intentionally, and knowingly accepted the tender of rental installments after the due dates, and such course of conduct by defendant was relied upon by plaintiff and constituted a waiver of the strict terms of the lease regarding the date that rental payments were to be paid. Plaintiff alleged further that defendant unilaterally changed the course of conduct to plaintiff's detriment in October, 1974, without giving notice of defendant's insistence upon strict performance of the lease provisions regarding date of payment.

In *Ada Oil Co. v. Logan*, 447 S.W.2d 205 (Tex.Civ.App.—Houston (14th Dist.) 1969, no writ), the court said:

". . . A waiver takes place where one dispenses with the performance of something which he has a right to demand, and occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right of his intention to rely upon it."

Waiver by a landlord was discussed in *Cox's Bakeries of N. D., Inc. v. Homart Development Corporation*, 515 S.W.2d 326 (Tex.Civ.App.—Dallas 1974, no writ), wherein the court stated:

". . . If it be found as a fact that the waiver occurred, the tenant's failure to pay the rent promptly would not constitute a breach authorizing termination of the lease agreement unless and until the landlord repudiated the waiver and notified the tenant that thereafter prompt payment would be required. After waiving in October its right to terminate the tenant's right of possession, defendant will not be permitted to enforce the right to terminate in November without notice of its intention to do so. *Theophilakos v. Costello*, 54 S.W.2d 203, 205 (Tex.Civ.App.—Waco 1932, no writ) . . ."

■ Prior to October 1974, several $750 installments were tendered by plaintiff and accepted by defendant after their due date. Defendant admitted in answer to plaintiff's requests for admissions, that he had "consistently and purposefully accepted the tender of the rental installments subsequent to the due date as set out in the lease", and that the "course of the conduct between the parties regarding the rental installments, had developed to the extent that said payments had often been made well past the rental due date." The evidence raised fact questions as to whether defendant waived the provisions of the lease regarding the time for payment of rent installments.

Defendant argues plaintiff failed to obtain a license and file a bond as required by the Texas Grain Warehouse Act, Tex.Rev. Civ.Stat.Ann., art. 5577b (Supp. 1976–77), and because of such failure the lease contract is void and unenforceable. He further contends that since plaintiff had no license, plaintiff was operating an unlawful business on the leased premises authorizing defendant to terminate the lease. We disagree.

Article 5577b is a regulatory statute providing that no "person shall operate a warehouse without first having obtained a license in his name covering such warehouse . . . or continue to operate such warehouse after such license has been revoked or suspended." The Act requires each applicant for a license to have on file with the Commissioner of Agriculture of the State of Texas a bond. The Act provides that any person who transacts any public warehouse business without a license shall be subject to a fine for each day such business is carried on. Plaintiff did not have a license or bond as required by the Act.

■ Defendant first argues that since the Act is a regulatory, as opposed to a revenue, measure the lease contract is void and unenforceable since plaintiff had no license to operate a warehouse. He relies upon language found in *Lyons v. Texorado Oil & Gas Co.*, 91 S.W.2d 375 (Tex.Civ.App. —Amarillo 1935, writ ref'd), wherein the court discussed the general rule that where the object of a statute requiring a license and imposing a penalty for its violation is for the purpose of police regulation and protection of the public, it will be construed as forbidding, by implication, the carrying on of a business without a license, and a contract made by an unlicensed person in violation of the statute is void and unenforceable. A different rule applies if the object of the statute is not for the purpose of regulation and protection, but solely for the purpose of yielding public revenue.

■ The general rule is usually applied in cases where the unlicensed person seeks payment for services performed. Our review of the cases reveals that the contracts held to be unenforceable always involve activities by the unlicensed person which are expressly regulated by the statute. For instance, in *Turner v. Gossett*, 267 S.W.2d 877 (Tex.Civ.App.—San Antonio 1954, no writ), the unlicensed party sought payment for hauling equipment when he had no "certificate of convenience and necessity" as required by statute. *Clark v. Eads*, 165 S.W.2d 1019 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w.o.m.), involved an unlicensed architect seeking payment for services rendered. The court in *Peterson v. Seagraves*, 94 Tex. 390, 60 S.W. 751 (1901), held a contract to render medical services made by a physician not properly licensed was unenforceable. See also: 82 A.L.R.2d 1429; 118 A.L.R. 646; 30 A.L.R. 834; 42 A.L.R. 1226; 3 Williston on Contracts § 1766 (1922); 53 C.J.S. Licenses § 59; 51 Am.Jur.2d Licenses and Permits § 63.

■ It was made clear in *Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146 (1947) that we must first determine the intent of a regulatory act before a determination can be made as to the enforceability of a contract by an unlicensed person. The intent is found by determining who or what is to be regulated, and who is to be protected.

■ The Texas Grain Warehouse Act regulates the storing, handling, or shipping of grain by a "warehouseman" engaged in the business of operating a "public grain warehouse." The Act protects a "depositor" who is defined as any person who deposits grain in a warehouse for storage, handling, or shipment, or who is the owner or legal holder of any outstanding receipt, or who is lawfully entitled to possession of the grain. The lease agreement in issue is not a contract between the unlicensed warehouseman and a depositor involving the storing, handling, or shipping of grain. The general rule discussed in *Lyons* is not applicable. We hold the lease contract is not void or unenforceable. Furthermore, although plaintiff testified he did not operate a fertilizer business on the premises, we note that the premises were also leased for the purpose of operating a "fertilizer busi-

ness" and there is no contention that such operation requires a license.

Defendant next argues that since plaintiff had no license he was operating an "illegal" business on the premises and defendant was authorized to terminate the lease. There was no forfeiture provision in the lease permitting lessor to reenter in the event the premises were being used for any unlawful purpose. At common law, a lessee does not forfeit his lease by using the premises for illegal purposes in the absence of a provision in the lease contract permitting a forfeiture in such cases. *Moore v. Kirgan*, 250 S.W.2d 759 (Tex.Civ.App.—El Paso 1952, no writ); *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref. n.r.e.); *Dedear v. Wilson*, 220 S.W.2d 534 (Tex.Civ.App.—Austin 1949, writ ref'd); *Wood v. Ingram*, 275 S.W. 397 (Tex.Civ.App.—Waco 1924, writ dism'd).

We hold that the lease agreement is enforceable. Also, in the absence of a provision in the lease, lessor was not authorized to terminate the lease because lessee was operating an unlawful business on the premises. Plaintiff presented evidence of the actual expenses incurred as a result of the unlawful eviction. The court erred in granting the instructed verdict.

The judgment of the trial court is reversed and the cause is remanded.