**REVERSED and REMANDED and Opinion Filed August 18, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00332-CV

**FRITZ MANAGEMENT, LLC, Appellant**

**V.**

**HUGE AMERICAN REAL ESTATE, INC., Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-04380**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Garcia
Opinion by Chief Justice Burns

Appellant Fritz Management, LLC appeals the trial court's summary judgment in favor of appellee Huge American Real Estate, Inc. Fritz raises three issues: whether the trial court erred by (1) granting Huge Real Estate's motion for summary judgment as to liability for its breach of contract claims; (2) granting Huge Real Estate's motion for summary judgment as to Fritz's wrongful eviction claim; and (3) entering judgment for Huge Real Estate because no evidence was presented at trial to support the damages awarded in the judgment. We reverse and remand in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I.    Background

This appeal concerns the lease of a Burger King restaurant. Prior to the facts pertinent to this litigation, the franchise at issue was owned by Huge American Restaurants, LLC, which leased the property from its affiliate, Huge Real Estate. After Huge Restaurants declared bankruptcy, Fritz—a competitor to Huge Restaurants—acquired the franchise from Burger King and Huge Restaurants assigned its lease to Fritz.

Under the lease agreement, the lessee was to operate a Burger King restaurant on the property in accordance with the franchise agreement's terms. Lessee agreed that it would, at its own cost, make reasonable alterations to the premises "as may reasonably be requested by lessor from time to time in order to modify the appearance of the building to reflect the then current image of Burger King restaurants." Lessee was prohibited from making any alteration, change, addition, or improvement "in or to the interior or exterior of the premises without the prior written consent of lessor." If consent were given, the alterations were to be "made according to plans and specifications therefore, which shall be first submitted to and approved in writing by lessor." Further, before making alterations involving "a contract for labor, services, materials, or supplies in excess of $20,000.00, lessee shall deliver to lessor, where permitted by law, either (1) a duplicate original of the contract, if in writing, which shall provide that no lien or claim against the premises or the equipment on it shall be created or filed as a result of performance of work

–2–

under the contract (2) a written waiver by the architect, engineer, contractor, subcontractor, materialman, mechanic, or other person contracting to furnish such labor, services, materials or supplies, of all lien rights which he or it might otherwise have against the premises or lessor's interest in it."

A default and a breach of the lease was defined as, among other things, lessee failing to perform any of its nonmonetary obligations under the lease if "such non-performance continues for a period within which performance is required to be made by specific provision of this Lease or, if no such period is provided, for a period of thirty (30) days after notice thereof by Lessor to Lessee; or, if such performance cannot be reasonably had within such thirty day period, Lessee has not in good faith commenced such performance within such thirty day period or has not diligently proceeded therewith to completion." If lessee is in default, the lessor could terminate the lease and lessee's right of possession. The lease also included the following clause, labeled "non-waiver":

> The failure of Lessor to insist upon strict performance of any of Lessee's obligations under this Lease shall not be deemed a waiver of any rights or remedies that Lessor may have and shall not be deemed a waiver of any subsequent breach or default by Lessee. The exercise of any of the Lessor's options under the Lease "shall not be deemed to be the exclusive remedy of Lessor."

Fritz took possession of and began operating the Burger King at the beginning of 2012. Without obtaining prior written consent from Huge Real Estate, Fritz made alterations to the interior and exterior of the premises; the "full store was

remodeled." Fritz did not send to Huge Real Estate any written plans, specifications, or contracts relating to the remodel. Instead, Fritz contends it conducted its remodel after Huge Real Estate's general counsel and vice president told Fritz it was "good to go" with a remodel during a phone conversation sometime in July 2012.

On January 10, 2013, Huge Real Estate sent a letter to Fritz demanding evidence that the building and fixtures were insured at the estimated replacement cost; Fritz was given 30 days to comply. On February 4, 2013, Huge Real Estate "again demanded evidence" of the "proper limits of insurance" and proof of real estate tax payment. Huge Real Estate further demanded access to books, records, and accounts in accordance with the lease. On March 7, 2013, Huge Real Estate notified Fritz it was in default of its obligations under section 8.2(d) of the lease and demanded Fritz peacefully surrender the property within five days.

On July 22, 2013, Huge Real Estate sent another letter, for the first time mentioning the remodel. Huge Real Estate alleged Fritz failed to obtain its written consent prior to remodeling the premises; Huge Real Estate notified Fritz of this breach of the lease, and then sought to evict Fritz. Dallas County Court of Law No. 4 ultimately found that Fritz's remodel was a material breach of the lease and signed a final judgment awarding Huge Real Estate possession of the premises. This Court affirmed the county court's judgment in *Fritz Mgmt., LLC v. Huge Am. Real Estate, Inc.*, No. 05-14-00681-CV, 2015 WL 3958292, at *1 (Tex. App.—Dallas June 30, 2015, pet. dism'd) (mem. op.). Fritz vacated the property on March 30, 2016 and

–4–

was required to pay a franchise termination fee to Burger King as a result. Fritz sued Huge Real Estate for wrongful eviction, breach of lease, and several other causes of action. Huge Real Estate in turn sued Fritz for breach of lease, seeking unpaid rent and other charges under the lease agreement. The two cases were consolidated in the 193rd Judicial District Court.

Fritz filed a traditional motion for partial summary judgment on August 18, 2017, arguing that its eviction was wrongful because "any violation of the written consent clause is not a default under the lease"; any consent required was "deemed provided" by the bankruptcy court; Huge Real Estate gave its consent to the remodel; and Huge Real Estate failed to give Fritz "the required notices and opportunity to cure any breach." Fritz filed a second motion for summary judgment in which it argued, on traditional and no-evidence grounds, that Huge Real Estate "never withdrew its declaration or its demand for possession and it never offered the opportunity (and time) to cure in advance of making such a default declaration and demand."

Huge Real Estate filed a motion for traditional and no-evidence summary judgment on August 18, 2017. First, Huge Real Estate argued it was entitled to summary judgment as a matter of law on its breach of lease claim because Fritz failed to obtain written consent prior to its remodel and failed to provide its remodel plans, specifications, and documentation regarding any liens. As a result of that breach, Huge Real Estate argued it suffered damages because Fritz limited the future

use of the property and also failed to pay rent and property taxes. Second, Huge Real Estate argued Fritz should take nothing on its wrongful eviction claim because Fritz was lawfully evicted after adequate notice. Third, Huge Real Estate argued Fritz should take nothing on its breach of lease claim again because Huge Real Estate was entitled to evict Fritz and did not breach the lease in doing so. Huge Real Estate also addressed Fritz's other claims, which are not before us in this appeal. Huge Real Estate filed an amended motion for traditional and no-evidence summary judgment on March 29, 2018 reiterating its arguments and addressing claims and parties not before us. On August 23, 2018, Huge Real Estate supplemented its amended motion for summary judgment. Among other things, Huge Real Estate argued Fritz's claim for wrongful eviction failed because Huge Real Estate's actions did not constitute actual or constructive eviction.

Huge Real Estate filed a response to Fritz's motion for partial summary judgment. Among other things, it argued Fritz failed to provide any evidence of damages resulting from its eviction. Huge Real Estate also objected to some of Fritz's summary judgment evidence.

In Fritz's response to Huge Real Estate's amended motion for summary judgment, it argued there were several genuine issues of material facts regarding each of Huge Real Estate's claims. Among other things, Fritz contended that Huge Real Estate waived the requirement for Fritz to secure Huge Real Estate's written consent to remodel the premises and that Huge Real Estate was estopped from

–6–

relying on the remodel to declare a default on the lease. Fritz also made numerous objections to Huge Real Estate's summary judgment evidence.

On September 24, 2018, the trial court denied Fritz's second motion for summary judgment. The trial court granted Huge Real Estate's amended motion for summary judgment. Specifically, the court granted Huge Real Estate's claim for breach of the lease and found Fritz liable for $1,040,531.77 in damages; it granted Huge Real Estate's motion regarding Fritz's wrongful eviction claim, finding Fritz entitled to take nothing; it granted Huge Real Estate's motion regarding Fritz's breach of the lease claim, finding Fritz entitled to take nothing; and it granted Huge Real Estate's motion regarding Fritz's other claims not before us. The court noted its judgment was not final, as the issue of attorney's fees remained pending. The court also granted Huge Real Estate's evidentiary objections. The trial court excluded testimony relating to the goal of remodeling a Burger King; bankruptcy petitions filed by Huge Restaurants and Fast American Restaurants, Inc.; the franchise agreement between Huge Restaurants and Burger King; Huge Real Estate's incorporation documents; notices of default sent by Burger King to Huge Restaurants; an affidavit regarding whether Fritz's remodel made the restaurant compliant with Burger King's directives; and other items.

On October 22, 2018, the trial court amended its order granting Huge Real Estate's summary judgment motion. The court granted Huge Real Estate's breach of the lease claim, except for the issue of the amount of damages, on which the court

ordered Fritz to file briefing and evidence regarding Huge Real Estate's failure to mitigate its damages. The court otherwise reiterated its prior order. Fritz filed a supplemental response, arguing that the premises had not been relet following Fritz's eviction, despite interest from prospective tenants. Among other items, Fritz offered evidence from Mark Flynt, who opined the premises should have been relet within the year after Fritz's eviction. He estimated Huge Real Estate's damages would have been mitigated by at least $341,244.65. Huge Real Estate in response argued Flynt's unsworn declaration should be struck as conclusory.

On June 14, 2019, the trial court entered an amended order stating it "found that [Fritz] has offered sufficient summary judgment evidence to raise a fact issue as to [its] affirmative defense of mitigation of damages as it relates to [Huge Real Estate's] claim for breach of contract." The court therefore denied Huge Real Estate's "award of damages for its breach of contract claim . . . solely with respect to that portion attributable to [Fritz's] affirmative defense of mitigation of damages."

On July 18, 2019, the trial court granted Huge Real Estate's motion to strike the designation of expert witness and motion to exclude the expert testimony of Mark Flynt. The court ordered that Flynt be excluded as an expert witness of Fritz at trial. A jury trial was held on July 23, 2019, where Huge Real Estate presented evidence relating to attorney's fees. After asking for $615,000 and conditional appellate attorney's fees, the jury awarded Huge Real Estate $416,000 and no conditional appellate fees. Huge Real Estate filed a motion for judgment

notwithstanding the verdict, arguing no evidence supported the jury's discounted award and rejection of conditional fees in the event of an appeal. On December 5, 2019, the trial court entered final judgment awarding Huge Real Estate $1,040,531.77 in damages on its breach of lease claim; $416,000.00 in attorney's fees; $75,000.00 for representation through appeal to the court of appeals; $7,500.00 for representation in the event of a petition for review; $45,000.00 for representation in merits briefing before the Supreme Court of Texas; and $30,000.00 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas. This appeal followed.

## II. Discussion

### a. *Standard of review*

The granting of a motion for summary judgment is reviewed de novo and, if the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When both parties move for a summary judgment and the trial court grants one motion and denies the other, we review all summary judgment evidence, determine all issues presented, and render the judgment the trial court should have. *Id*. When the trial court does not identify the basis for its summary judgment, we affirm the judgment if any of the movant's theories has merit. *Adams v. First Nat. Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.).

To prevail on a traditional motion for summary judgment, the moving party must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). When a party moves for summary judgment on a claim for which it bears the burden of proof, it must show that it is entitled to prevail on each element of its cause of action. *Pelco Constr. Co. v. Chambers Cnty.*, 495 S.W.3d 514, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). A party moving for traditional summary judgment on a claim for which it does not bear the burden of proof must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Id*. A genuine issue of material fact is raised when the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). To defeat summary judgment by raising an affirmative defense, a nonmovant must do more than just plead the affirmative defense; the nonmovant must come forward with evidence sufficient to raise a genuine issue of material fact on each element of his affirmative defense. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In reviewing a traditional summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable

inference and resolve all doubts in favor of the non-movant. *Zurita v. Lombana*, 322 S.W.3d 463, 472 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Under rule 166a(i), a no-evidence summary judgment motion requires the non-moving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). In our review of a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the judgment was rendered, crediting evidence favorable to the non-moving party if a reasonable juror could, and disregarding contrary evidence unless a reasonable juror could not. *Id*.

### b. *Summary judgment on breach of lease*

In its first issue, Fritz argues the trial court erred by excluding the above-described evidence, which, it argues, created a genuine issue of material fact regarding its affirmative defenses of waiver and equitable estoppel to Huge Real Estate's breach of contract claim. But, more generally, Fritz argues its summary judgment evidence showing that Huge Real Estate's general counsel gave verbal permission for Fritz to remodel the restaurant created a genuine issue of material fact regarding the two defenses.

The elements of a breach of contract action are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages resulting from the breach. *Tamasy v.*

–11–

*Lone Star Coll. Sys.*, 635 S.W.3d 702, 708 (Tex. App.—Houston [14th Dist.] 2021, no pet.). "A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied. A condition precedent is an act that must occur before there is a breach of contractual duty." *Dallas Berkshire Partners, Ltd. v. James French Photography, Inc.*, No. 05-98-01352-CV, 2001 WL 200144, at *5 (Tex. App.—Dallas Mar. 1, 2001, pet. denied) (mem. op.) (citations omitted).

Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Chalker Energy Partners III, LLC v. Le Norman Operating LLC*, 595 S.W.3d 668, 676 (Tex. 2020). A waivable right may spring from law or, as in this case, from a contract. *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). Though waiver is ordinarily a fact question, it may be decided as a matter of law when the surrounding facts and circumstances are undisputed. *Id.* at 676–77. Because waiver is "largely a matter of intent[,] for waiver to be implied through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Motor Vehicle Bd. of*

*Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999).

A waiver of a right granted in a contract can occur in any of three ways: the right may be expressly renounced; the renunciation may be shown when a party knowingly possessing the right is inactive or silent for an unreasonable period of time such that the intention to waive is implied; or waiver can occur if a party knowingly possessing the right acts in such a manner that the party misleads the other party into believing that a waiver has occurred. *KMI Cont'l Offshore Prod. Co. v. ACF Petroleum Co.*, 746 S.W.2d 238, 243 (Tex. App.—Houston [1st Dist.] 1987, writ denied). "When a party relies on inferred or implied waiver by conduct, it is that party's burden 'to produce conclusive evidence that the opposite party manifested its intent to no longer assert its claim.'" *Raymax Mgmt., L.P. v. SBC Tower Holdings LLC*, No. 02-16-00013-CV, 2017 WL 3821897, at *8 (Tex. App.— Fort Worth Aug. 31, 2017, pet. denied) (mem. op. on reh'g).

Fritz's summary judgment evidence supporting its waiver and equitable estoppel defenses centered around its allegation that Huge Real Estate's general counsel gave Fritz the go-ahead to remodel the restaurant. It also points to evidence regarding the relationship between the two parties as context. Fritz presented summary judgment evidence showing that Huge Real Estate's affiliate Huge Restaurants was the prior lessee of the premises, where it had operated a Burger King restaurant. Sunil Dharod, the principal of Huge Real Estate and the prior owner

–13–

of Huge Restaurants, testified he had operated 150 to 200 franchises in his career; as many as 19 had been Burger King restaurants. He said he was familiar with Burger King's franchising rules and regulations. Thus, Fritz presented evidence—beyond the evidence excluded by the trial court—that both parties were experienced Burger King franchisees.

John Watson, an employee of Sun Holdings, which owned Fritz, testified the "guys upstairs" directed him to "get in touch with Sunil" to get permission for the remodel, which he attempted, but he ended up speaking with David Morris, who he believed to be "the in-house attorney" at Huge Real Estate. Other summary judgment evidence showed Morris was general counsel and vice president for real estate of Huge Real Estate. Umesh Shah, a corporate representative for Huge Real Estate, testified that Morris was a vice president for real estate since at least 2012. Morris's responsibilities included negotiating leases, and making sure leases were enforced and rents were collected on time. Shah said he and Morris had responsibility for managing Huge Real Estate's new tenant, Fritz.

Watson emailed Morris on July 30, 2012 letting him know Fritz needed Huge Real Estate's "consent to remodel the [premises at issue here]. I've been directed to you to address this matter. I understand that [Fritz's principal's] relationship with Sunil is not good, so please let me know how we should go about this." Watson stated he never received a written response, but he spoke on the phone with Morris a week or two later. Watson said he told Morris that Fritz wanted to remodel the

property and asked if Huge Real Estate was "good with that." Watson said Morris "basically said, 'Yes, you're good to go.'" Watson thought Morris was authorized to give consent to the remodel because he "always got passed along to him when I tried to reach Sunil." He did not remember discussing the lease or any specifics regarding the remodel with Morris. Watson also testified he did not send any plans or specifications for the remodel to Huge Real Estate. When questioned whether Morris ever told him Fritz did not need to send over the items specified in section 5.3 of the contract, Watson said, "He implied that in his statement to me. He said, 'We're good to go.'" Shah stated Huge Real Estate became aware that alterations had been made to the property sometime in March 2013. Huge Real Estate first notified Fritz it considered the remodel a breach of the lease in July 2013.

Huge Real Estate argues this is not enough to show waiver. However, waiver may result when a party "acts such that the other party reasonably believes strict compliance will not be required." *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 284 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g). A party may orally waive its contractual right to give written consent without explicitly stating it is waiving the provision at issue. *Cf. Apperson v. Shofner*, 351 S.W.2d 367, 369 (Tex. Civ. App.—Waco 1961, no writ) (lessor waived right to insist on lease provision requiring written consent for lease assignment when, among other things, lessor gave oral consent to assignment).

–15–

Here, assuming the veracity of Fritz's evidence, as we must, Huge Real Estate, through its general counsel and vice president responsible for Fritz and enforcing leases, gave its permission for Fritz to remodel the property. It gave this permission after declining to respond either affirmatively or negatively to Fritz's e-mail seeking permission for the remodel. Such permission could have led Fritz to "reasonably believe[] strict compliance" with any written consent provision would not be required. *SP Terrace, L.P.*, 334 S.W.3d at 284. This is particularly true in light of the evidence showing that both parties were experienced Burger King franchisees that understood the nature of franchisor requirements. That is, Fritz's evidence supported a reasonable inference that Huge Real Estate would have understood the sort of remodel sought by Fritz, which was required to maintain a Burger King franchise on the premises pursuant to the lease. After allegedly receiving permission to remodel sometime in July 2012, Fritz did not hear from Huge Real Estate until over a year later, after the remodel was complete. We conclude this was sufficient evidence to raise a fact question on Fritz's affirmative defense of waiver and that Fritz presented evidence of each of the elements of waiver. *Cf. SP Terrace, L.P.*, 334 S.W.3d at 285 (appellant raised a fact issue as to whether appellee waived a contractual substantial completion deadline when appellee, among other things, orally agreed to extend the deadline and parties continued working together beyond deadline).

Huge Real Estate argues Fritz failed to provide any evidence of the element of waiver requiring Fritz to show that Huge Real Estate had actual or constructive knowledge of the existence of the right allegedly being waived. *See Ohrt v. Union Gas Corp.*, 398 S.W.3d 315, 329 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied). Fritz, however, presented evidence that Morris was both general counsel and vice president for real estate for Huge Real Estate, that his responsibilities included negotiating and enforcing leases, and that he was specifically responsible for dealing with Fritz. Further, a party to a contract is presumed to know and understand its contents. *See R. Conrad Moore & Associates, Inc. v. Lerma*, 946 S.W.2d 90, 94 (Tex. App.—El Paso 1997, writ denied). We reject Huge Real Estate's argument.

We also conclude Fritz's summary judgment evidence created an issue for the fact finder on whether Huge Real Estate also impliedly waived the nonwaiver clause. "[U]nless the facts and circumstances establishing waiver of the nonwaiver provision are admitted or established as a matter of law, whether the provision has been waived should be a fact question decided by the trier of fact on a case-by-case basis." *Vance v. Popkowski*, 534 S.W.3d 474, 481 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). This is not a case of passive acquiescence but of allegedly express permission. *Cf. Straus v. Kirby Court Corp.*, 909 S.W.2d 105, 109 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (finding no waiver of a nonwaiver clause when, in part, "[lessee] never testified he had an implied or express agreement

–17–

with [lessor] permitting him to remit his rent after the first day of each month"). When Morris gave Fritz permission to remodel the premises, it acted such that Fritz reasonably believed Huge Real Estate would not then invoke a nonwaiver provision to terminate Fritz's right to possession.

Huge Real Estate also argues that, even if Fritz raised a fact issue about whether Huge Real Estate waived its right to consent in writing to any remodel of the premises, Fritz also failed to submit to Huge Real Estate its plans and specifications for its alterations prior to the remodel, as required by the lease. But as Fritz pointed out at oral argument, Huge Real Estate did not give any notice regarding this possible breach of the lease. Huge Real Estate's July 22 letter specifically mentioned only Fritz's failure to obtain Huge Real Estate's written consent prior to remodeling the premises. Regardless, to the extent that this was a proper basis on which to evict Fritz, we think the evidence showing that Morris gave permission for the remodel would raise a fact issue on whether Huge Real Estate also waived this provision of the contract. If Fritz was told it was "good to go" with its remodel, it could have reasonably believed—in light of the evidence showing that the parties understood each other to be sophisticated Burger King franchisees and landlords of Burger King restaurants—that Huge Real Estate did not just consent to the remodel but also would not require pre-approval of its plans. In other words, "good to go" means "go do the remodel"; there is nothing preliminary about "go." *Cf. Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 644 (Tex. App.—Houston [14th

–18–

Dist.] 2003, pet. denied) (bank's representations that "an extension would not be a problem" and the bank would "get back to" appellee were insufficient to establish waiver). Given all of the above, we conclude Fritz presented evidence raising a fact issue on its affirmative defense of waiver.

Fritz also argues it raised a fact issue on its affirmative defense of equitable estoppel. Equitable estoppel is established when: (1) a party makes a false representation or concealment of material facts; (2) the representation is made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted upon; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Sefzik v. City of McKinney*, 198 S.W.3d 884, 895 (Tex. App.—Dallas 2006, no pet.). It arises when one party induces another to change its position for the worse. *Id.*

We conclude Fritz failed to present any summary judgment evidence showing that Huge Real Estate made a false representation of material facts with knowledge of those facts. Fritz seems to argue that the pertinent material facts here were the provisions of the lease at issue. But, under Fritz's theory, Huge Real Estate's concealment must relate to whether it had knowledge it would require written consent for the remodel despite giving oral permission to do so. Fritz points us to no evidence, excluded or not, demonstrating Huge Real Estate knew those material facts.

Fritz relies on *Saddle Brook W. Apartments v. Jang*, No. 10-11-00450-CV, 2013 WL 3927756, at *3 (Tex. App.—Waco July 11, 2013, pet. dism'd) (mem. op.), where an apartment employee told lessees "they would only be charged for damage they had done to the apartment if they did not participate in a walk-through at move-out" and the apartment afterwards charged them for damage done by others. But there, the court of appeals considered only whether there was evidence of a false representation and detrimental reliance—the appellant's knowledge was not at issue. *Id*. at *1. We conclude Fritz failed to raise a fact issue regarding its defense of equitable estoppel.

Because Fritz presented sufficient evidence supporting its affirmative defense of waiver, we conclude the trial court erred by entering a summary judgment for Huge Real Estate on its breach of contract claim.[1]

### c. *Summary judgment on wrongful eviction*

In its second issue, Fritz argues, among other things, that a genuine issue of material fact existed about whether it breached the lease due to its evidence supporting waiver, as discussed above, and that therefore, summary judgment against Fritz on its wrongful eviction was improper. We agree. To establish a claim for wrongful eviction, a lessee must show: (1) it had an unexpired rental contract

---

[1] We do not reach Fritz's questions relating to whether the trial court erred by excluding certain elements of Fritz's evidence because we conclude Fritz raised a fact issue regarding waiver considering Fritz's evidence *not* excluded by the trial court, and failed to raise such an issue regarding equitable estoppel even considering the excluded evidence. *See* TEX. R. APP. P. 47.1.

–20–

with the lessor; (2) it occupied the premises; (3) the landlord evicted it; and (4) it suffered damages attributable to the eviction. *CHCA Woman's Hosp., L.P. v. Uwaydah*, No. 01-18-00220-CV, 2020 WL 4299567, at \*10 (Tex. App.—Houston [1st Dist.] July 28, 2020, no pet.) (mem. op.). Thus, to prevail on a claim for wrongful eviction, a lessee must show it had a right to occupy the premises when it was evicted. *Id.*

Fritz presented summary judgment evidence showing it occupied the premises and was evicted in 2016 prior to the end of the lease. As we concluded above, Fritz raised fact questions about whether Huge Real Estate waived the requirement to secure written consent before a remodel. It thereby raised a fact question about whether the eviction was wrongful. *See Wilson v. Boyd*, 556 S.W.2d 121, 123 (Tex. Civ. App.—Eastland 1977, no writ) (reversing trial court's instructed verdict against lessee's wrongful eviction claim when "evidence raised fact questions as to whether [lessor] waived the provisions" relied on to terminate lease). Finally, Fritz presented evidence it suffered damages as a result because it, at the very least, presented evidence it was required to pay a franchise fee to Burger King when it lost the restaurant. Accordingly, we conclude Fritz raised fact questions on its claim of wrongful termination, and Huge Real Estate was not entitled to judgment as a matter of law.

### d. *Damages award*

Finally, Fritz argues the trial court erred by entering judgment for Huge Real Estate because it presented no evidence at trial to support the damages awarded on its claim for breach of contract. Because we above sustained Fritz's first issue and reverse the trial court's summary judgment on this claim, we need not address this issue.

### III.  Conclusion

We conclude Fritz failed to raise a fact issue on its equitable estoppel defense but raises a fact issue on whether Huge Real Estate waived requiring written consent prior to Fritz's remodel of the premises. Consequently, the trial court erred by granting Huge Real Estate's motion for summary judgment on its breach of lease claim. Further, we conclude the trial court erred in granting Huge Real Estate's motion for summary judgment on Fritz's wrongful eviction claim. We reverse the trial court's summary judgments on these two claims and remand the case for further proceedings.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200332F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRITZ MANAGEMENT, LLC, Appellant

No. 05-20-00332-CV      V.

HUGE AMERICAN REAL ESTATE, INC., Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-16-04380. Opinion delivered by Chief Justice Burns. Justices Myers and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant FRITZ MANAGEMENT, LLC recover its costs of this appeal from appellee HUGE AMERICAN REAL ESTATE, INC.

Judgment entered this 18th day of August 2022.